

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,174-01

### EX PARTE MOSES ELIGIO AGUILAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 17FC-4293–C(1) IN THE 94TH DISTRICT COURT FROM NUECES COUNTY

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty to recklessly causing bodily injury to a child in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to four years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because he was admonished that he was pleading guilty to a second degree felony, when the offense as charged was in fact a state jail felony with a maximum sentence of two years in state jail. Applicant alleges that he would not have pleaded guilty to the offense but for the threat of receiving a twenty-year sentence

if convicted at trial. Based on the record, the trial court has determined that Applicant entered an unknowing and involuntary guilty plea pursuant to a plea bargain based upon an erroneous higher range of punishment.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 17FC-4293-C in the 94th District Court of Nueces County is set aside, and Applicant is remanded to the custody of the Sheriff of Nueces County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: November 3, 2021
Do not publish